IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Angela Kirby, | C/A No.: 4:12-1990-JFA-TER |
| Plaintiff, | |
| vs. | |
| | ORDER |
| Carolyn W. Colvin, Commissioner of Social Security, | |
| Defendant. | |

The plaintiff, Angela Kirby, brings this action pursuant to § 405(g) of the Social Security Act, as amended, to obtain judicial review of the final decision by the Commissioner of Social Security denying plaintiff's claim for supplemental security income (SSI).

The Magistrate Judge assigned to this action[1] has prepared a Report and Recommendation wherein he suggests that the Commissioner's decision to deny benefits should be affirmed. The Magistrate Judge provides a detailed discussion of the undisputed and relevant medical evidence and the standards of law which this court incorporates without a recitation.

The parties were advised of their right to submit objections to the Report and Recommendation which was filed on February 4, 2014. The plaintiff has responded with

---

[1] The Magistrate Judge's review is made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02. The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court. *Mathews v. Weber*, 423 U.S. 261 (1976). The court is charged with making a *de novo* determination of those portions of the Report to which specific objection is made and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

1

various objections and the Commissioner has replied thereto.

PROCEDURAL HISTORY

The facts are fully set forth in the decision of the ALJ and the administrative record, summarized as follows. The plaintiff first applied for disability insurance benefits and supplemental security income in 2006 alleging disability since September 1, 2004. An Administrative Law Judge (ALJ) denied her claim and the Appeals Council denied her request for review. The plaintiff brought an action in C/A No. 4:10-1984-JFA-TER (D.S.C.) which this court remanded for further proceedings in an order filed February 27, 2012.

In addition to appealing the first ALJ's decision to this court in C/A 4:10-1984, the plaintiff filed a second application for SSI with the Commissioner on June 18, 2010, alleging disability since January 1, 2004, due to anxiety, depression, liver disease, and arthritis. Her application was initially denied and after a hearing held on November 22, 2011, a different ALJ denied plaintiff's second application on December 8, 2011. The appeal of the second application's decision was filed in this court on July 17, 2012.

*The ALJ's Findings*

At step one of the sequential evaluation process, the ALJ found that plaintiff had not engaged in substantial gainful activity since her June 23, 2010 application date. At step two, the ALJ found that plaintiff had the following severe impairments: anxiety, depression, personality disorder and disorders of the right shoulder. At step three, the ALJ concluded that plaintiff's impairment or combination of impairments did not meet or medically equal the criteria of any impairment in the Listings. The ALJ also found that plaintiff's allegations

2

regarding her limitations were not totally credible. The ALJ concluded that the claimant had the residual functional capacity (RFC) to perform a range of medium work with limitations. The ALJ concluded that the plaintiff could not perform any past relevant work, but that there existed jobs that the claimant could perform considering her age, education, work experience and RFC. Ultimately, the ALJ found that the plaintiff was not under a disability.

*The Plaintiff's Claims of Error*

In this suit for judicial review, the plaintiff contends that the ALJ erred by:

(1)   discounting disability based upon plaintiff's failure to get treatment without further investigation;

(2)   assigning more weight to the opinion of the non-examining physician, Dr. Clanton; and

(3)   failing to consider obesity with all of plaintiff's impairments.

*The Magistrate Judge's Report and Recommendation*

The Magistrate Judge rejects the plaintiff's arguments finding that the Commissioner's decision is based upon substantial evidence and free of legal error and that the decision should be affirmed.

APPLICATION AND AUTHORITY

Although this court may make a *de novo* review of the Magistrate Judge's recommendation and specific objections thereto, this court's judicial review of the Commissioner's final decision is limited to considering whether the Commissioner's decision is supported by substantial evidence and whether the conclusions in the decision are legally correct under controlling law.

*Plaintiff's Failure to Obtain Treatment*

Plaintiff first contends that the ALJ erred in failing to do a proper investigation into the reasons for plaintiff's lack of treatment for her impairments. The plaintiff objects to the Magistrate Judge's conclusion that the ALJ's decision in the last two sentences of her explanation on plaintiff's credibility does not show that the ALJ relied heavily on the amount of treatment sought by the plaintiff. There, in the last two sentences of the ALJ's explanation on plaintiff's credibility, the ALJ notes, "Lastly, the record reveals no specialized mental healthcare in 2009 or 2010. Such would not be expected of someone completely disabled by mental impairments." (Tr. at 34). The plaintiff contends that the Magistrate Judge minimized the importance of the ALJ's determinations and failed to consider the plaintiff's inability to afford treatment in contravention of Social Security Ruling 96-7p. The plaintiff contends there is ample uncontradicted evidence in the record to support the conclusion that the plaintiff had financial obstacles to receiving medications and treatments. (Pl. Br. at 23). The transcript does not indicate that the ALJ inquired about the plaintiff's inability to pursue further treatment, nor was such issue raised by the plaintiff during the evidentiary hearing. Thus, the plaintiff argues that remand is necessary so that the ALJ can properly inquire or consider the plaintiff's economic constraints.

This court is constrained to agree with the Magistrate Judge on this issue. As the Magistrate Judge points out, reference to the plaintiff's failure to obtain treatment for her impairment, particularly regarding her mental health in 2009 or 2010 is contained in the last two sentences of a multi-paragraph discussion of plaintiff's credibility. In her objections,

plaintiff argues that the failure to obtain treatment was "critical" to the ALJ's decision. Any fair reading of the ALJ's decision on this issue leads to the inescapable conclusion that the failure to obtain treatment was not the lynchpin on which the entire decision turned. The court has carefully reviewed the ALJ's decision in its entirety, and agrees with the Magistrate Judge that the sentences regarding the failure to obtain mental health treatment over a two-year period does not require a reversal or remand in this case.

*Weight of Medical Opinions*

The Magistrate Judge opines that there is substantial evidence to support the ALJ's decision, noting that the ALJ thoroughly discussed her reasons for the weight he gave the varying opinions and his analysis was in compliance with the regulations and case law regarding physician opinion evidence. In her objections, as in her brief, the plaintiff contends that the Magistrate Judge is mistaken because the ALJ erred by assigning more weight to the non-examining physician, Dr. Clanton, who the plaintiff says was ignorant of the positive objective testing, positive clinical findings, and suicide attempts. Plaintiff also contends that the opinion of Dr. Clanton is contradicted by plaintiff's testimony and the opinions of plaintiff's treating physicians.

In rejecting this argument, the Magistrate Judge points out that the statement by Dr. Cox, a treating physician, was given three years after he last treated plaintiff and was inconsistent with treatment notes showing generally benign findings. The statement by Dr. Burton, another treating physician, was discounted because it was a retrospective opinion from a one-time examination of plaintiff and was also inconsistent with other medical

5

evidence of plaintiff's mental functioning. The Report and Recommendation of the Magistrate Judge is replete with references to medical opinions by other providers leading to a conclusion that the plaintiff is not disabled. In short, the ALJ, as well as the Magistrate Judge, were both well aware of the treating physician rule and correctly analyzed it within the context of this case. The court finds no error in the way in which the ALJ attributed weight to the various medical professionals who provided opinions in this case.

### *Plaintiff's Obesity*

Plaintiff argues that the ALJ erred in assessing her obesity at Step 2 of the sequential evaluation and how it limited her ability to perform work-related functions at Step 4. Unlike other cases on this court's docket (which the court has remanded for failure to even mention the obesity issue), here, the ALJ addressed the obesity issue and determined that it did not constitute a severe impairment (TR. at 29).

### CONCLUSION

It is the duty of the ALJ reviewing the case, and not the responsibility of the courts, to make findings of fact and resolve conflicts in the evidence. This court's scope of review is limited to the determination of whether the findings of the Commissioner are supported by substantial evidence taking the record as a whole, *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996), and whether the correct law was applied," *Walls v. Barnhart*, 296 F.3d 287, 290 (4th Cir. 2002).

After a careful review of the record, including the findings of the ALJ, the briefs from the plaintiff and the Commissioner, the Magistrate Judge's Report, and the plaintiff's

6

objections thereto, this court finds the Report is proper and is incorporated herein by reference. Accordingly, the Commissioner's decision is affirmed.

        IT IS SO ORDERED.

March 25, 2014                           Joseph F. Anderson, Jr.
Columbia, South Carolina             United States District Judge